IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, *et al.*, | § § |
| Petitioners, | § § |
| VS. | §   CIVIL ACTION NO. H-12-442 § |
| DALLAN WALTERS, *et al*., | § § § |
| Respondents. | § |

**ORDER**

On June 20, 2013, this court entered a Memorandum and Opinion affirming the Benefits Review Board's claim determination under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950, and a final judgment dismissing this case with prejudice. (Docket Entries No. 36, 37). On July 1, 2013, respondent Dallan Walters moved for clarification under Federal Rule of Civil Procedure 59(e). (Docket Entry No. 38). Walters argued that he was entitled to attorney's fees under § 28 of the LHWCA, 33 U.S.C. § 928, and sought clarification as to why the court did not address or award him fees.

The Federal Rules of Civil Procedure set out a procedure and deadline to move for fees after judgment is entered. "A claim for attorney's fees and related nontaxable expenses must be made by motion . . . . Unless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment; specify the judgment and the statute . . . entitling the movant to the award; [and] state the amount sought or provide a fair estimate of it . . . ." FED. R. CIV. P. 54(A), (B)(i)–(iii).

No later than **July 19, 2013**, Walters must file a motion for attorney's fees with the supporting documentation and affidavit. The motion for clarification is granted to that extent and otherwise denied.

SIGNED on July 3, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge