**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, *et al.*, | § § |
| Petitioners, | § § |
| VS. | §  CIVIL ACTION NO. H-12-442 § § |
| DALLAN WALTERS, *et al.*, | § § § |
| Respondents. | § |

**MEMORANDUM AND ORDER ON ATTORNEYS' FEE APPLICATION**

L-3 Communications/Vertex Aerospace and ACE American Insurance Company (together, "Petitioners"), challenged the administrative award of workers' compensation benefits to Dallan Walters under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50, as extended by the Defense Base Act, 42 U.S.C. §§ 1651-54. On June 20, 2013, this court issued a Memorandum and Opinion affirming the administrative award. Walters's counsel, David C. Barnett and Joshua T. Gillelan II, have moved for reasonable attorneys' fees for successfully defending the award.

Barnett, through his firm, Barnett, Lerner & Karsen, P.A., has represented Walters throughout his Defense Base Act claim. Barnett provided representation before the Office of Workers' Compensation Programs District Director in New York City and through the administrative-review process before the Office of Administrative Law Judges and the Benefits Review Board. Gillelan served as appellate co-counsel for Walters only before this court. Barnett

and Gillelan seek $17,901 for 35.1 hours of Barnett's services, and $14,637 for 28.7 hours of Gillelan's services at $510 per hour, for a total fee of $32,538.

In response, the petitioners do not dispute entitlement to fees. The issue is how much. The petitioners assert that the court should not award fees for Gillelan's work because: there is no evidence that he represented the claimant; he did not file any documents with the court; he did not make a formal appearance on Walters's behalf; and he is not admitted in the Southern District of Texas. The petitioners also assert that the hourly rates sought are excessive; that the part of the requested fee for preparing the fee motion itself is "outrageous and unsupportable"; and that the fee award should not exceed $10,000. (Docket Entry No. 44).

Walters and Gillelan filed a reply and moved the court to supplement the fees award for the time billed producing the reply. Gillelan asserts that he spent an additional 5.5 hours preparing the reply, for an additional $2,805 in fees.

Based on the motion, response, and reply; the record; and the applicable law, this court grants the motion for fees and the supplemental motion for fees and overrules the objections. Walters's counsel are entitled to fees in the amount of $35,343.

The reasons for this ruling are set out below.

**I.    Background**

Walters was injured in Iraq and brought a claim before the OWCP district director in New York. The claim was transferred to Houston under § 19(g) of the Longshore Act and 20 C.F.R. § 702.104(a), based on Walters's residence. The Houston district director referred the case to the Department of Labor's Office of ALJs in Washington, D.C. The Chief ALJ assigned it to an ALJ in the Covington, Louisiana district office. Walters engaged Barnett, Lerner & Karsen, P.A. That

firm handled the case before the ALJ and then defended the award against Ace American's appeal before the Benefits Review Board, in Washington, D.C. Walters later engaged co-applicant Gillelan to help defend the award against Ace American's petition for review before this court. The co-applicants obtained a ruling in Walters's favor affirming the compensation award.

The co-applicants have described their credentials and experience in detail. Barnett received two Bachelor of Arts degrees from the University of Maryland in 1987 and his law degree from Nova Southeastern Law School in 1990. He was admitted to the Florida bar and to the Southern District of Florida in 1991. He is also admitted to the Middle District of Florida and the Courts of Appeals for the Second and Fifth Circuits. Barnett represents injured workers in both state and federal compensation claims throughout the United States. He also handles admiralty claims, including Jones Act claims and passenger claims, and represents workers and corporations in vessel arrest and maritime-lien cases. Barnett has handled many jury and nonjury cases throughout the United States and has prepared multiple appeals before the Benefits Review Board and state and federal courts.

Gillelan was engaged to serve as appellate co-counsel for Walters before this court. He received his Bachelor of Arts degree from St. John's College in Annapolis, Maryland in June 1968, and his law degree from the University of Maryland School of Law in June 1973. He was admitted to the Maryland bar in 1973, and is admitted to the bars of the United States Courts of Appeals for all except the Tenth and Federal Circuits and to the bar of the United States Supreme Court. Gillelan practiced from 1973 until June 2004 as an attorney and senior attorney on the Longshore staff of the Office of the Solicitor of Labor, in the Divisions of Employee Benefits and of Black Lung and Longshore Legal Services. During that period, Gillelan practiced primarily before the Benefits

Review Board, the United States Courts of Appeals, and the United States Supreme Court, in review and enforcement proceedings under the Longshore Act. Since July 2004, Gillelan has been in private practice, as sole proprietor and chief attorney of the Longshore Claimants' National Law Center. His practice is generally limited to co-representation of injured workers in matters arising under the Longshore Act and its statutory extensions, the Jones Act, and general maritime law. His nationwide practice focuses on appellate and enforcement proceedings. Gillelan is a recognized expert on Longshore Act and Defense Base Act topics. He frequently appears in appellate proceedings on behalf of Longshore Act claimants, both to defend a favorable ALJ ruling against an employer's appeal and to seek reversal of adverse ALJ decisions. He has represented claimants in two merits cases before the Supreme Court. In the October 2010 and 2011 terms, he served as second-chair in *Pacific Operators Offshore v. Valladolid*, 132 S. Ct. 680 (2012), and he argued *Roberts v. Sea-Land Services*, 132 S. Ct. 1350 (2012).

Despite the petitioners's contrary arguments, the co-applicants' expertise and experience are well-established.

**II.     The Legal Standard**

An employer who denies benefits under the Longshore Act is liable "in addition to the award of compensation, [for] a reasonable attorney's fee . . . in an amount approved by the deputy commissioner, Board, or court[.]" Longshore Act § 28(a); *see also id*. § 28(b) ("If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel[.]").

The lodestar method is used to determine the fee award under a fee-shifting statute such as § 28. *See Perdue v. Kenny A*, 130 S. Ct. 1662 (2010), *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The lodestar method requires multiplying the number of hours reasonably expended on the case by the market-based reasonable hourly rate. The lodestar may be adjusted up or down based on various factors, most importantly, the degree of success in the litigation. *See Hensley*, 461 U.S. at 433–35; *Perdue*, 130 S. Ct. at 1672–73. Neither "the 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' [nor] the 'results obtained'" may be used to enhance the lodestar, because they are to be fully reflected in the lodestar – *i.e.*, in determining where in the range of market rates the fees awarded should fall, and judging the reasonableness of the time expended. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (quotation and citation omitted). The fee applicants, Barnett and Gillelan, do not seek an enhancement. The petitioners challenge the applicants' lodestar calculation and seek a reduction. The petitioners raise three issues: whether Gillelan's work deserves any fee award; whether the hourly rates were excessive; and whether the time spent on the fee application is excessive. Each issue is addressed below.

**II.     Analysis**

    **A.     Fees for Co-Counsel's Work Before This Court**

The petitioners argue that no fees should be awarded for Gillelan's work before this court. The petitioners' first argument, that Gillelan did not file a notice of appearance and is not admitted to practice in the Southern District of Texas, is unpersuasive. Gillelan's participation in the case was limited in both duration and scope, as reflected in his time-sheet submissions in support of the fee application. Walters authorized his counsel of record to engage Gillelan, a Longshore-Defense Base

Act appellate specialist, to assist in his representation after the petitioners filed this review proceeding. Gillelan worked with Walters's counsel of record on the motions and briefs in this case challenging the administrative award. He was listed on the briefs as "Of Counsel" to Barnett & Lerner, *not* listed over the designation "Attorney for Respondent Walters." Gillelan's role was clearly and correctly described in the filings. The fact that his role was limited does not mean it was unauthorized or that he should go uncompensated.

Courts have recognized fee awards for a lawyer's work on briefs and other submissions to a court even though the lawyer was not admitted to that particular court. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009) (nonprecedential), *cert.denied*, 130 S. Ct. 3292 (2010) ("Neither the Federal Rules of Civil Procedure nor the district court's Local Rules require every attorney working on a case to enter an appearance before the court."); *Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) ("[W]e have little difficulty in concluding that the E[qual] A[ccess to] J[ustice] A[ct ("EAJA")] authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not. We therefore conclude that the EAJA authorizes reimbursement for . . . brief writing and related tasks.); *accord*, *Berkley Trace, LLC v. Food Lion, LLC*, No. RDB-11-3207, 2013 WL 5718867, at *8 n.11(D. Md Oct. 18, 2013) ("This Court notes that Gregory has not entered an appearance in this case. Even so, it appears from the records submitted by the Plaintiffs that Gregory performed significant work in this matter, and that his time should be properly compensated."); *Cruceta v. City of New York*, No 10-cv-5059 (FB)(JO), 2012 WL 2885113, at *4 (E.D.N.Y. Feb. 7, 2012) (collecting authorities) ("[T]he prevailing rule is clear: 'To permit the [losing defendant in a fee shifting case] to avoid paying the attorney's fee for [an attorney's] work

simply because a formal . . . entry of appearance was not made, would be contrary to the policies and objectives of [Section 1988]" (alterations and ellipses original; citations omitted)).

The Federal Rules of Civil Procedure do not require every attorney working on a case to enter an appearance before the court. FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least *one* attorney of record in the attorney's name . . .." (emphasis added)). Nor does this district's local rule. *See* Local Rule 84.1(k) (SDTX Jan. 2014)( "A lawyer who is not admitted to practice before this Court may appear *as attorney-in-charge* for a party in a case in this Court with the permission of the judge before whom the case is pending." (emphasis added)).

The petitioners' efforts to distinguish these cases and rules are unpersuasive. The law and the realities of modern practice support a reasonable fee for reasonably necessary legal services by counsel with a specialized nationwide practice, who has no need to become admitted to every court in which counsel assists in writing the briefs and motions.

To the extent the petitioners have objected to the timeliness of the motion for fees for Gillelan's services, this objection is also unpersuasive. The fee motion was filed by Barnett as counsel of record. The petitioners agreed to an extension of time for Barnett to file the motion.

Gillelan's work was both authorized by the client and permitted by the applicable rules. The first objection is overruled as without merit.

### B. The Hourly Rates

The petitioners argue that because Barnett retained an appellate specialist, his own hourly rate should be reduced because he "is not as experienced and qualified as he claims to be." (Docket Entry No. 44, at 5–6.). Lawyers of skill and experience, with high hourly rates, often retain

7

specialized outside counsel when specific proceedings and issues call for such knowledge, skill, and experience. Courts reviewing fee applications in cases involving such supplemental expertise must ensure that the fees sought are not charged for duplicative or redundant work. But the fact that Barnett recognized the benefit that Gillelan's specialized appellate expertise could provide does not justify reducing Barnett's hourly rate if it is otherwise reasonable.

The record supports finding that both Barnett's and Gillelan's $510 hourly rates are reasonable market-based rates within the relevant legal community. *See McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381–82 (5th Cir. 2011) (finding that it may be appropriate to use out-of-town counsel's local hourly rates as the prevailing market rate and concluding that a district court clearly erred for "suggesting that local community rates are always required when out-of-district counsel are employed."); *Jeffboat, LLC v. Dir., OWCP*, 553 F.3d 487, 490 (7th Cir. 2009) (Longshore Act claimants' practice may presumptively qualify for awards of out-of-town counsel's home-market rates). Indeed, the petitioners do not challenge the evidence showing the reasonableness of the requested hourly rate. Both applicants billed at an hourly rate of $510. In cases involving "Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners." *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-cv-1556-B (JJB), 2011 WL 3820704, at *5 (S.D. Tex. Aug. 26, 2011). This court has found $510 to be a reasonable hourly rate for a Texas lawyer with an intellectual property specialization. *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 798 (S.D. Tex. 2009) (Rosenthal, J.). The full rate requested is reasonable and is appropriately used in the lodestar calculation.

    **C.**    **The Hours Reasonably Expended**

Other than challenging the number of hours spent on the fee application as "outrageous," the petitioners do not argue that the record keeping was improper or that counsel did not actually spend these hours billed.  Exhibit 1-A to the application itemizes the services for which each applicant sought fees, in six-minute increments. The applicants attested that they performed those services and contemporaneously recorded the time.  *See* Exhibit B.  The applicants spent 63.8 hours on the proceedings before this court, including the fees litigation.

This court finds that the number of hours were reasonable for the case and that the work was neither duplicative nor redundant.  The petitioners request that this court deny or reduce the time Barnett and Gillelan spent on the fee application.  The argument is that the number of hours spent on the fee application is excessive because both attorneys have filed many fee applications under the Longshore Act before and used that work in the present application.

The motion was detailed and well-supported by exhibits documenting counsel's expertise and experience and the itemized hours spent on this proceeding.

The applicants agree that they used prior fee applications in preparing the application in this case.  That is the reason they were able to complete the application, with their own declarations and the review of their time entries for the exercise of billing judgment, in as little as 10.8 hours.  The court finds that the time spent on the fee application was reasonable and includes the 10.8 hours in the lodestar calculation.

### D.     The Supplemental Motion for Fees

The applicants filed a supplemental motion seeking additional fees for work required to prepare the Reply to Opposition of Petitioners to Motion for Award of Attorney Fees. (Docket Entry No. 47.)  The petitioners have opposed this supplemental motion, as well as the underlying reply.

To the extent the reasons for the opposition are the same as those earlier stated — Gillelan's work was unauthorized and the hourly rates are excessive — the opposition is unpersuasive. To the extent the opposition points out that no amount for the additional time or related fees for Barnett was provided, the court must agree. The supplemental fee application stated:

> David C. Barnett and Joshua T. Gillelan II hereby supplement the motion for an award of a "reasonable attorney's fee" to encompass the time devoted to reply to Petitioners' opposition to the motion. As shown on the attached Supplemental Exhibits, Mr. Barnett has spent an additional * hours on the reply, and hence a total of * hours on the case, while Mr. Gillelan has expended an additional 5.5 hours, for a total of 34.2 hours. Accordingly, the Motion is hereby supplemented and modified to request an award of $* for Mr. Barnett's time and $17,442 for Mr. Gillelan's.

A reasonable reading is that Barnett spent no billable or billed time and Gillelan spent 5.5 hours. The court finds that 5.5 hours on the reply is a reasonable amount of time and adds $2,805 to the $14,637 originally claimed for Gillelan's work, for a total for his work of $17,442.

## IV.    Conclusion

The $35,343 amount is reasonable. The petitioners, L-3 Communications/Vertex Aerospace and ACE American Insurance Company, must pay the applicants, David Barnett and Joshua Gillelan II, $35,343 in fees.

SIGNED on February 7, 2014, at Houston, Texas.

                                                    Lee H. Rosenthal
                                                    United States District Judge